NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0920

LORRE L. LOWE AND RODNEY C. LOWE, INDIVIDUALLY AND O/B/O LORRE L. LOWE

VERSUS

LEON LOWE & SONS, INC., LEON LOWE & SONS PARTNERSHIP, LOWE BROS., L.L.C., AND TOBY J. LOWE

Judgment Rendered: **OCT 17 2024**

\* \* \* \* \*

On Appeal from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 2017-10915

Honorable Ellen M. Creel, Judge Presiding

\* \* \* \* \*

| | |
|---|---|
| Barry W. Bolton<br>Bogalusa, LA | Attorney for Plaintiff-Appellant,<br>Lorre L. Lowe |
| G. Brice Jones<br>Jeffrey L. Oakes<br>Slidell, LA | Attorneys for Defendants-Appellees,<br>Leon Lowe & Sons, Inc., Leon Lowe &<br>Sons Partnership, Lowe Bros., L.L.C., and<br>Toby J. Lowe |

\* \* \* \* \*

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

McClendon, J. dissents in part and assigns reason.

**HESTER, J.**

Plaintiff, Lorre L. Lowe, appeals the judgment of the trial court enforcing the settlement between plaintiff and defendant, Toby J. Lowe. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On February 27, 2017, plaintiffs Lorre L. Lowe and Rodney C. Lowe filed a petition seeking an accounting of certain Lowe Entities, alleging breach of fiduciary duty, and seeking the removal of the trustee. Leon Lowe & Sons, Inc.; Leon Lowe & Sons Partnership; and Toby J. Lowe, in his individual capacity and in his capacity as president of Leon Lowe & Sons, Inc., managing partner of Leon Lowe & Sons Partnership, and trustee of the Leon Lowe & Sons Voting Trust were named as defendants.[1] Generally, this case involves disputes and protracted litigation among brothers relating to certain family-owned entities: Leon Lowe & Sons, Inc., Leon Lowe & Sons Partnership, and Lowe Bros., L.L.C. (sometimes collectively referred to as the "Lowe Entities").

On May 11, 2022, the parties to the instant lawsuit as well as parties involved in related litigation participated in a mediation, resulting in a comprehensive settlement among the parties and purportedly resolving all issues among them.[2] At the end of the mediation, a handwritten settlement term sheet was signed by Toby, represented by Jeffrey L. Oakes, and by Rodney and Lorre, both represented by J.

---

[1] Lowe Bros., L.L.C. was not named as a defendant in the petition or supplemental and amending petition. However, the petition contains allegations against Lowe Bros., L.L.C., and Lorre requested service of the original petition on Lowe Bros., L.L.C. Service of the supplemental and amending petition was not requested on Lowe Bros., L.L.C.

[2] Pursuant to the settlement documents, the parties were involved in the following lawsuits, all filed in the 22nd Judicial District Court in St. Tammany Parish: (1) *Succession of Angeline Lowe*, Case No. 2011-30446, commenced on June 10, 2011; (2) *Toby Lowe v. Oak Island Corporation*, Case No. 2013-13734, commenced on August 9, 2013; (3) *Lorre Lowe, et al. v. Leon Lowe & Sons, Inc., et al.*, Case No. 2017-10915, commenced on February 27, 2017; (4) *Leon Lowe & Sons, Inc. v. Lorre Lowe*, Case No. 2020-11651, commenced on April 3, 2020; (5) *Leon Lowe & Sons Partnership v. Lorre Lowe*, Case No. 2020-11667, commenced on April 3, 2020; and (6) *Matthew Lowe v. Oak Island Corporation*, Case No. 2021-12584, commenced on June 10, 2021. Also see *In re: Dissolution of Oak Island Corporation*, 2023 CA 1239, handed down by this court on this date.

2

Douglas Sunseri. In the months following the mediation, the parties collaborated in the drafting of documents necessary to effectuate the terms of the settlement. However, Lorre refused to sign settlement documents.

On October 24, 2022, Toby filed a motion to enforce the settlement agreement, alleging that Lorre signed a valid and binding settlement agreement on May 11, 2022 and had no valid basis to refuse to sign the documents required to execute the terms of the settlement. Thus, Toby sought an order compelling Lorre to execute the documents needed to effectuate the settlement. Alternatively, Toby requested that the trial court enter an order specifically enforcing the settlement term sheet and declaring the settlement terms effectuated despite Lorre's refusal to sign the settlement documents.

Prior to the hearing on the motion to enforce the settlement agreement, which was scheduled for March 2, 2023, Mr. Sunseri and his law firm filed a motion to withdraw as counsel of record for Lorre. As stated in the motion to withdraw, Lorre made Mr. Sunseri's law firm aware that he sought alternative legal counsel in this matter on February 3, 2023. Mr. Sunseri's law firm then made four attempts to contact Lorre's prospective new counsel, Barry W. Bolton, via telephone to no avail. Mr. Sunseri's law firm also sent an e-mail to Mr. Bolton. According to the motion to withdraw, these attempts to contact Mr. Bolton were made to confirm the scope of his representation from February 3, 2023 going forward. Ultimately, Lorre officially notified Mr. Sunseri's law firm on February 14, 2023 that he terminated their services and retained new counsel, Mr. Bolton. The trial court signed an order permitting Mr. Sunseri and his firm to withdraw as counsel for Lorre on February 16, 2023.

3

On or about February 24, 2023, Mr. Bolton filed a motion to continue the March 2, 2023 hearing on the motion to enforce the settlement agreement.[3] The trial court held a hearing on the motion to continue, and ultimately granted the motion, acknowledging that this was the first continuance requested by Mr. Bolton who was retained two weeks prior to the hearing. However, the trial court made it clear that the continuance was not to be for an indefinite period and extensively questioned Mr. Bolton about what discovery was needed prior to the hearing on motion to enforce the settlement and the time needed to obtain such discovery. After the trial court proposed a new hearing date of May 4, 2023, which was in sixty days, the following was transcribed:

BY THE COURT:

> All right. May 4th. Can you get the depositions done and the forensic accounting done by May 4th?

BY MR. BOLTON:

> We will make every effort to do that.

BY THE COURT:

> Okay. This is the time to talk about it because another continuance won't be granted. It's a six year case with a mediation that now we just need to figure out will it or won't it.

After discussing the additional time Lorre's forensic accountant needed to complete the accounting, which counsel for Toby maintained was not relevant to the issue of whether Lorre signed the settlement agreement or whether the settlement agreement is valid, the trial court stated as follows:

> All right. Gentlemen, listen to me. That's not a good enough reason to undo this. Mr. Bolton is new to this case. Although, Mr. Bolton, you could have done a better job by this Court and my docketing. Because not only do other people put time into it, I put time into it. I think it's evident to everybody that I come in and I'm prepared

---

[3] The record reflects that on March 2, 2023, Mr. Bolton enrolled as counsel of record for Lorre and filed a motion to continue on the same date. However, the transcript from the hearing on the motion to continue establishes that the motion to continue was fax filed on February 24, 2023 at 10:36 a.m.

to make a ruling today, on what I have been presented with. Okay? We put a lot of hours into that.

So you and your client could have done better asking for it sooner. I'm none too happy about that. But he has alleged things that would conceivably point to undoing the 5/11 [settlement] document. Not that there's a lot of latitude to do that, Mr. Bolton. Your latitude is very narrow. You know what the things are, fraud, error, duress. That's it.

Because it's a very narrow inquiry, giving you the continuance until May 4th. Whatever you do with that time, if you spend another 20,000 or another 100,000, that doesn't matter to me. But that's the amount of time that you have to address the very narrow issues that I need to hear on this.

The case has been pending for six years. When you take a case that's been pending with six years with a pending court date, you know that it's not going to drag out any further.

Mr. Bolton responded, "I understand." Thereafter, the trial court made it clear that no further continuances would be granted for any party, to which Mr. Bolton responded, "Thank you, Your Honor."

At the May 4, 2023 hearing, Mr. Bolton argued that the two-month continuance was not a sufficient time period within which to request discovery or to get experts and doctors involved. Further, Mr. Bolton argued that additional time was necessary due to the fact his client was required to "terminate his [prior] attorney because he felt his attorney was in collusion with opposing counsel." Mr. Bolton also informed the court that Lorre's prior attorney did not furnish his file to current counsel. Despite Mr. Bolton's attempts to request that the hearing be continued again, the trial court would neither entertain nor allow any further continuances.

The trial court then conducted the hearing on the motion to enforce.[4] The trial court heard testimony from Toby, Lorre, and Mr. Oakes and exhibits were introduced into the record. At the conclusion of the hearing, the trial court granted the motion to enforce, providing extensive reasons therefor. The trial court expressly

_____

[4] As the trial court later noted in its judgment, despite having obtained a continuance of the original hearing date on the motion to enforce, Lorre failed to file an opposition to the motion to enforce.

5

determined that Lorre had the capacity to enter into the settlement negotiations at the mediation. In doing so, the trial court noted Lorre's extensive testimony regarding corporate ownership of the properties and businesses in which he has an interest; his knowledge of amounts paid in federal and state taxes for multiple years; his own business dealings; and his demeanor on the stand. Based on the testimony and evidence presented, the trial court also determined that there was no fraud, no duress, and no error.

On May 22, 2023, the trial court signed a judgment granting the motion to enforce settlement. The judgment ordered Lorre to sign specific documents in the form executed and circulated by counsel for Toby on or about October 7, 2022, including the Settlement Agreement, the Act of Redemption of Shares regarding the Corporation, and the Act of Transfer of Membership Interests in a Limited Liability Company regarding the Limited Liability Company, on or before June 21, 2023. The judgment further set a compliance hearing on June 22, 2023 to determine whether and to what extent Lorre complied with the May 22, 2023 judgment and to consider any additional relief that may be appropriate if Lorre did not comply.

On May 22, 2023, Lorre filed a motion to suspensively appeal the May 22, 2023 judgment, which was granted. However, by failing to timely post security for the suspensive appeal, the appeal was converted to a devolutive appeal by judgment dated August 3, 2023. On appeal, Lorre assigned the following errors contending that the trial court erred in: (1) granting an excessively limited continuance of the March 2, 2023 hearing; (2) proceeding with the May 4, 2023 hearing when Lorre had good grounds for continuance; and (3) not granting a continuance of the May 4, 2023 hearing.

## APPELLATE JURISDICTION

As an appellate court, we have the duty to examine our subject matter jurisdiction and to determine *sua sponte* whether such subject matter jurisdiction

6

exists, even when the issue is not raised by the litigants. **Gulfco of Louisiana, LLC v. Plaisance**, 2022-0166 (La. App. 1st Cir. 3/8/23), 362 So.3d 660, 662. This court's appellate jurisdiction only extends to "final judgments." **Id**. See also La. C.C.P. art. 2083(A). A final judgment is one that determines the merits in whole or in part, whereas an interlocutory judgment does not determine the merits but only preliminary matters in the course of an action. La. Code Civ. P. art. 1841.

In **Myers v. Diaz**, 2022-0445 (La. App. 1st Cir. 11/4/22), 354 So.3d 78, 80-81, this court considered a judgment granting a motion to enforce a settlement agreement. The judgment ordered defendants to pay specific amounts to plaintiff and ordered plaintiff to execute a full release agreement in favor of defendants, which was to contain a reservation of plaintiff's claims against certain UM, property damages, and statutory penalty claims against certain insurers. This court concluded that "the judgment [was] a non-final, interlocutory judgment, which [was] not appealable," observing that the judgment granting the motion to enforce was "devoid of language dismissing any of the parties, neither does it dispose of the entire matter." **Id**.

In this matter, the May 22, 2022 judgment is not final as it fails to determine the merits in whole or in part.[5] There is no dismissal of parties nor is the entire case

---

[5] Louisiana Code of Civil Procedure art. 1918(A) provides, in part, that "a final judgment that does not contain the appropriate decretal language shall be remanded to the trial court, which shall amend the judgment permits a judgment lacking decretal language[.]" Louisiana Code of Civil Procedure art. 1951 provides that "[o]n motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation." However, a final judgment may not be amended under La. Code Civ. P. art. 1951 to change its substance. Even if the judgment at issue in this case was a final judgment, any amendment thereto would require a substantive change, which would preclude this court from remanding the matter pursuant to La. Code Civ. P. art. 1918(A).

dismissed.[6] In fact, the motion to enforce did not seek dismissal of any party or of the entire lawsuit. Moreover, the judgment contemplates further action in the case, providing that a compliance hearing is to be held in the future "to determine whether and to what extent Lorre L. Lowe has complied with this Judgment *and to consider any additional relief that may be appropriate in the event of his noncompliance.*"[7] (Emphasis added.) While this matter may be in its final stages, it has not reached final resolution in whole or in part. Therefore, the judgment is a non-final, interlocutory judgment, which is not appealable. See **Myers**, 354 So.3d at 81.

The proper procedural vehicle to contest an interlocutory judgment is by application for supervisory writ filed within thirty days of the interlocutory judgment. See La. Code Civ. P. art. 2201; **Myers**, 354 So.3d at 81. Under certain circumstances, appellate courts have exercised the discretion to convert an appeal of an interlocutory judgment into an application for supervisory writs, such as when the motion for appeal was filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Uniform Rules—Courts of Appeal, Rule 4-3 and where reversal of the trial court's decision would terminate the litigation, or where clear error in the trial court's judgment, if not corrected, will create a grave injustice. **Sauce v. Burke**, 2022-0541 (La. App. 1st Cir. 11/7/22), 356 So.3d 439, 447.

While Lorre sought an appeal of the May 22, 2023 judgment within the thirty-day time period allowed for the filing of an application for supervisory writs under

---

[6] In particular, we note that Leon Lowe & Sons Partnership is a named defendant in this litigation. At the hearing, counsel for Toby and the Lowe Entities informed the court that nothing was resolved at the mediation relative to Leon Lowe & Sons Partnership. The trial court acknowledged that the motion to enforce would be strictly in regard to Leon Lowe & Sons, Inc. and Lowe Bros., L.L.C. However, Lowe Bros., L.L.C. was never named as a defendant in the petition or supplemental and amending petition, and the May 22, 2022 judgment at issue only refers to "Defendants" without identifying which defendants it was granting the motion to enforce in favor of.

[7] As noted *supra*, Toby requested in the alternative that the trial court enter an order specifically enforcing the settlement term sheet and declaring the settlement terms effectuated despite Lorre's refusal to sign the settlement documents.

Uniform Rules—Courts of Appeal, Rule 4-3, because the other criteria set forth above has not been met, we decline to exercise our supervisory jurisdiction to review the May 22, 2023 judgment. <u>See</u> **Sauce**, 356 So.3d at 448; **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So.2d 34, 39 (the decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate court).

## CONCLUSION

For the above and forgoing reasons, Lorre L. Lowe's appeal of the trial court's May 22, 2022 judgment is dismissed. Costs of this appeal are assessed to the plaintiff-appellant, Lorre L. Lowe.

**APPEAL DISMISSED.**

**LORRE L. LOWE AND RODNEY C. LOWE,**
**INDIVIDUALLY AND O/B/O LORRE L. LOWE**

**VERSUS**

**LEON LOWE & SONS, INC., LEON LOWE AND SONS**
**PARTNERSHIP, LOWE BROS., L.L.C. AND TOBY J. LOWE**

✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱✱

**McClendon, J., dissenting in part.**

I agree that this court lacks appellate jurisdiction. However, I believe this court should exercise its supervisory jurisdiction to review this matter and address the issues presented for review.